# CASES IN THE SUPREME COURT

UTICA,
August, 1823.

HAWLEY
v.
HANCHET.

The omission to conclude the replication to a plea of *nul tiel record*, with an *et hoc paratus,* &c. is a formal defect, and as such, a ground for special demurrer; which if served within 20 days after receipt of the replication, (or 40 days if the replication be served on the agent) will prevent an inquest, or be good cause for setting it aside, whether taken before or after the service of the demurrer.

HAWLEY *against* HANCHET.

THE declaration was in *debt* on *judgment*. The pleas, *nul tiel record* and *payment*. To the plea of *nul tiel record,* the plaintiff replied, "*there is such a record,*" &c. but omitted the usual conclusion, *et hoc paratus est verificare per recordam,* &c. To the plea of payment, there was a replication taking issue on the payment. And there was one general conclusion at the end of both replications, as if they had been one, thus : "*all of which the said Hawley prays may be inquired of by the country,*" &c. These replications were served on the agent of the defendant's attorney, *June 7th,* 1823 ; and the plaintiff's attorney, considering the cause thereby at issue, indorsed thereon a notice of inquest for the 7*th July,* 1823, which was served, with the replications, on the day for which the inquest was noticed, but not till after it was taken, and the verdict recorded. A special *de-*

*murrer*, to the first replication, was served on the plaintiff's attorney, with a *similiter* to the second replication.(1) The causes of demurrer assigned were, 1. The want of the usual verification, " *et hoc*," &c. and 2. That there was no prayer of judgment. On these facts,

*J. Bradish*, moved to set aside the inquest for irregularity.

*H. Baldwin*, contra, insisted, that the demurrer was frivolous, and ought not to delay the plaintiff. Here was a delay of thirty days after the service upon the agent ; the inquest was taken and the verdict recorded before the demurrer was received. Both pleas are answered by a single replication, according to 1 *Ch. Pl.* 574. 8 *Wentw.* 5. *English* v. *Petitary et al.* 1 *Leon.* 124. *Curtis* v. *Bateman*, 1 *Sid.* 39. *Middleton* v. *Cheeseman, Yelv.* 65. *Com. Dig. Pleader*, (*F* 4.) Matters of fact and matter of record are both put in issue by the same replication, in which case a conclusion to the country is proper. (1 *Ch. Pl.* 572. *Esplin* v. *Smollet, Say.* 208, *and Whitmore* v. *Rooke, id.* 299.) It states no new matter. (*Bindon* v. *Robinson*, 1 *John. Rep.* 516.) When matters of fact and law are mixed, both shall be tried by the country. (*Peter* v. *Stafford, Hob.* 244. *Jac. L. Dic. title Record, vol.* 5, *p.* 397.) And when the replication denies the substance of the plea, it may conclude to the country. (*Hedges* v. *Sandon*, 2 *T. R.* 439. *Doug.* 95, *in note* 10.) And it ought so to conclude. (*Haywood* v. *Davis et al. Salk.* 4, *pl.* 10. 1 *Dunlap's Pr.* 510.) The replication not setting up any new matter, should not conclude with a verification. (1 *Ch. Pl.* 572-3.) The proper way of replying to a plea of *nul tiel record*, is to re-assert the record declared upon. (*id.* 572.) The replication being entire, the conclusion, " all of which, &c. may be inquired of," &c. applies to the whole replication, and every material fact set forth in it.

(1) By a mistake in punctuation, on the preceding page, it appears that *the notice of inquest*, instead of the *special demurrer*, was served after the verdict was recorded ; whereas it should have been *the latter*. The *notice of inquest* was in season, being served with the replications.

UTICA,
August, 1823.

CAREY
v.
HANCHET.

A *similiter* was unnecessary. It was implied in the con-cluding " *et ceteræ*." (1 *Ch. Pl.* 571.) At any rate, the omission was cured by the verdict. (1 *Dunlap's Pr.* 531. *Com. Dig. Amendment, M & O.*)

*Curia.* The demurrer in this case was not served, and it is a little doubtful whether it was sent for the purpose of be-ing served, until after the verdict was recorded. Yet the party had a right to demur at any time within the 20 days limited by the rule,(a) (in this case 40 days, because service of the plea was upon the agent.)(b) The only question is, whether the demurrer is frivolous, and in fraud of the rule which gives the time. If so, we will disregard it. Here is a plea of *nul tiel record*, in the usual form. To this the plaintiff has replied, simply, that " *there is such a record*," omitting the conclusion which uniformly follows such a replication in the precedents.(c) And the demurrer is special, assigning this omission for cause. We think there is ground for the demurrer, and we cannot preclude the party from bringing up the question in this shape. Here is a formal defect, and the issue is not well joined, as to the plea of *nul tiel record.*

Motion granted.

(a) 9 *Reg. Gen. April Term*, 1796.
(b) 8 *id. Jan. Term*, 1799.
(c) 2 *Ch. Pl.* 624-5. 7 *Wentw.* 68. 2 *Rich. C. P.* 218. 1 *Saund.* 92, 93. *Tidd's Forms*, 200. *Herne*, 278. 2 *Lutw.* 1514. 1 *Ch. Pl.* 571. 3 *Bl. Com.* 330-1. *Barn.* 335. *Salk.* 566.