## SUPREME COURT.

### ROGERS agt. RATHBUN.

An *amended complaint* can not be disregarded and treated as a *nullity*, and the defendant take an order dismissing the complaint when the cause is called upon the Calendar.

Where it is supposed that an amendment has been made in bad faith, and for the purpose of delay, the proper practice is to apply to the court for relief. (*See Griffin agt. Cohen, ante, page* 451.)

*It seems,* that a case might arise where the amended pleading would be so palpably frivolous, and so obviously a fraud upon the law authorizing amendments of course, that it might be treated as a nullity and disregarded.

*At Chambers, December,* 1853. The plaintiff moves to set aside an order taken against him at the last June circuit in Oswego county, dismissing the complaint. The action was for an alleged assault and battery, and was put at issue by the service of an answer and noticed for trial at the Oswego circuit, by the defendant. After the commencement of the circuit, and within twenty days after the service of the answer, the plaintiff amended his complaint and served a copy thereof, personally, on the defendant's attorney, who received it without objection and retained it, and gave no notice or intimation to the plaintiff's attorney that he intended to disregard it. Four days thereafter, the cause was reached upon the Calendar, and in the absence of the plaintiff's attorney the complaint was dismissed on motion of the defendant. The defendant, who is an attorney of the court, but not practicing as such, and who defended by attorney, informed the plaintiff's attorney that it was in contemplation to treat the amended complaint as a nullity.

J. C. CHURCHILL, *for Plaintiff.*

O. & W. G. ROBINSON, *for Defendant.*

W. F. ALLEN, Justice.—I will not say that a case may not arise in which an amendment to a pleading may be so palpably frivolous, and so obviously a fraud upon the law authorizing amendments of course, that it may be treated as a nullity, and

disregarded by the party upon whom it is served. The fraud must, in my judgment, be very obvious, to justify this course. The fact that it is frivolous will not of itself authorize it, although that may leave ground for adjudging it a fraud upon the privilege of amendment. Coster agt. Waring, (19 *W. R.* 97;) Anonymous, (4 *Hill,* 56;) Hawley agt. Hanchett, (1 *Cow.* 152;) Hartness agt. Bennett, (3 *How.* 289.) I think the true practice in case a party supposes that an amendment has been made in bad faith, and for the purpose of delay, is to apply to the court for relief. The law has provided a remedy, and parties should seek relief in the manner pointed out, unless that is clearly inadequate. (*Code,* § 172.) In Griffin agt. Cohen, (*ante page* 451,) I held that a plaintiff could not treat an amended answer as a nullity, and take an inquest against the defendant, and I see no reason to doubt that that decision is in accordance with the spirit of the Code. See Strout agt. Curran, (7 *How.* 36.) Allen agt. Compton, (8 *How.* 251,) is not necessarily inconsistent with this practice. The motion was to set aside the amended pleading, and the learned judge, under the circumstances of that case, granted the motion, and allowed the verdict taken to stand. The party charged with bad faith had an opportunity to repel the charge and explain the suspicious circumstances.

There is another difficulty in this case. The defendant's attorney should have returned the amended complaint to the plaintiff's attorney, or notified him that he designed to disregard it if he intended to treat it as unauthorized. City of Buffalo agt. Scranton, (20 *W. R.* 676;) Wirts agt. Norton, (25 *id.* 699;) Platner agt. Johnson, (3 *Hill,* 676.) The defendant having appeared by attorney, the plaintiff's attorney was not c lled upon to regard his declarations of an intention to disregard the plea, or to negotiate with him concerning the proceedings in the cause. The attorney, by receiving and retaining the amended complaint without objection, waived any objection that might have been taken to it.

The motion must be granted with costs, with leave to defendant to answer within twenty days.