# JACOBS v. MARKS.

ERROR TO THE SUPREME COURT OF THE STATE OF ILLINOIS.

No. 410. Submitted January 7, 1901.—Decided May 27, 1901.

The question whether the record and judicial proceedings in the Michigan court received full faith and credit, in the courts of Illinois is one for this court to consider and determine; and it holds that, upon the facts disclosed in the record, the courts of Illinois did give to the judgment and judicial proceedings of the state court of Michigan full faith and credit, within the meaning of the Constitution.

The judgment in question in this case did not necessarily import that the plaintiff had received satisfaction of her claim.

The distinction between *Halderman* v. *United States,* 91 U. S. 584, and *United States* v. *Parker,* 120 U. S. 89, shown.

IN June, 1896, Dora Marks brought an action in the circuit court of Cook County, Illinois, against Lewis Jacobs, for false representations and deceit whereby the plaintiff had been induced to become a member of a corporation known as the Chicago Furniture and Lumber-Company of Escanaba, Michigan, composed of said Jacobs and one Nathan Neufeldt, and to pay into such concern the sum of $5000. The plaintiff sought to recover in this action the money so expended by her, alleging that the shares of stock so taken by her in said company were worthless.

The defendant filed a demurrer to the declaration, which was overruled, and thereupon he filed a plea of not guilty, and also several special pleas, in which he set up, in substance, that the

plaintiff, on or about December 4, 1893, instituted an action in the circuit court of Delta County, Michigan, against the Chicago Furniture and Lumber Company, to recover the sum claimed in the present suit; that service was duly had upon said company, which entered its appearance, and said court acquired jurisdiction of the parties to said cause and the subject-matter thereof; that, afterwards, the said parties came to a settlement of said cause; that, on July 25, 1894, the said court entered the following order: " This cause having been settled, it is hereby discontinued by consent of both parties, without cost to either party; " and that the said plaintiff had, therefore, received full satisfaction of the claim upon which the present suit is based. These special pleas were traversed, and the trial resulted in a verdict in favor of the plaintiff for $4000. At the trial of the present case the plaintiff put in evidence a written agreement between the Chicago Furniture and Lumber Company and Dora Marks, in the following terms:

" Articles of agreement made and entered into this 14th of July, A. D. 1894, by and between the Chicago Furniture and Lumber Company, a corporation, of the city of Escanaba, Delta County, Michigan, parties of the first part, and Dora Marks of Denver, Colorado, party of the second part. Party of the first part agrees to purchase the twenty thousand dollar ($20,000) worth of stock of the said Chicago Furniture and Lumber Company, which the party of the second part holds, for the sum of $4000, to be paid for as follows: $1000 to Mead and Jennings, attorneys for said party of the second part, as soon as the parties of the first part dispose of their treasury stock to the amount of $1000 or interest other capital in said company to the amount of $1000 and $3000 to said party of the second part, on the day that the plant now occupied by the parties of the first part in said city of Escanaba is turned over to them, and a clear title to the property earned by them. Parties of the first part further agree to discontinue the damage suit now pending against the party of the second part without cost. Said parties of the first part further agree to release said party of the second part from all liability of said second party for the balance due on unpaid stock. Party of the second part agrees to

sell her said stock of $20,000 to the parties of the first part and accept payment as aforesaid mentioned. Party of the second part also agrees to discontinue the suit now pending under attachment proceedings against party of the first part, without cost. Said stock to be transferred as paid for.

"In witness whereof the parties have hereunto set their hands and seals the day and year first above written."

Thereupon, over the objections of the defendant Jacobs, the plaintiff was permitted to testify that the company never carried out the agreement under which the suit was brought, and that she never recovered a single dollar in satisfaction of her claim. The defendant requested the court to instruct the jury that the settlement of the Michigan case constituted a bar to this action. These instructions were refused, and the trial resulted in a verdict and judgment in favor of the plaintiff in the sum of $4000.

The cause was taken to the Appellate Court of Illinois, which first reversed, and then, on rehearing, affirmed, the judgment of the trial court; and, afterwards, to the Supreme Court of Illinois, which, on December—, 1899, affirmed the judgment of the Appellate Court. A writ of error was thereupon allowed by this court.

*Mr. Louis J. Blum* and *Mr. Edgar C. Blum* for plaintiff in error.

*Mr. John F. Dillon, Mr. Andrew J. Hirschl* and *Mr. John W. Byam* for defendant in error.

MR. JUSTICE SHIRAS after stating the case, delivered the opinion of the court.

The plaintiff in error alleges error in the action of the Illinois courts in failing to give full faith and credit to the judicial record and proceedings of the circuit court of Delta County, Michigan.

A contention is made on behalf of the defendant in error that the decision of the state Supreme Court did not rest on a

Federal question, and that, hence, under the doctrine of *Seeberger* v. *McCormick*, 175 U. S. 274, and cases therein cited, we have no jurisdiction to review it.

But the record discloses that, at the trial in the circuit court of Cook County, the defendant, after having put in evidence the record of proceedings in the circuit court of Delta County, Michigan, wherein Dora Marks was plaintiff and the Chicago Furniture and Lumber Company was defendant, asked the court to give the following instruction:

"You are instructed that if you find from the evidence that the plaintiff herein instituted a suit in the circuit court of Delta County, Michigan, against the Chicago Furniture and Lumber Company for the purpose of recovering the $4000 involved in this suit now before you, and that she made a settlement of this cause with the defendant therein or any one else, that the plaintiff is barred from the further prosecution of this suit, and the verdict of the jury must be for the defendant." And, in support of the motion for a new trial, it appears that the defendant alleged that "the verdict and action of the court fail to give full faith and credit to the judgment of the circuit court of Delta County, Michigan, in the case of *Dora Marks* v. *The Chicago Furniture and Lumber Company*, contrary to art. 4, sec. 1, of the Constitution of the United States, which provides: 'Full faith and credit shall be given in every State to the public acts, records and judicial proceedings of every other State.' "

It also appears that, in the tenth assignment of error filed in the Appellate Court, it was alleged that the circuit court had erred in failing to give full faith and credit to the judgment, records and judicial proceedings of the circuit court of Delta County, Michigan, as required by the Constitution of the United States.

It further appears that, in the assignment of errors filed in the Supreme Court of Illinois to the judgment and action of the Appellate Court, it was alleged that the Appellate Court erred in "not reversing said judgment by reason of the error of the circuit court in failing to give full faith and credit to the judgment and judicial proceedings of the circuit court of Delta County, Mich.," and also error was alleged in that "the

Appellate Court erred, as did the circuit court, in failing to give full faith and credit to the judgment of the circuit court of Delta County, Michigan, rendered in the case of *Dora Marks* v. *The Chicago Furniture and Lumber Company*, and introduced in evidence in this cause, which judgment is as follows: ' This cause having been settled, it is hereby discontinued by consent of both parties without cost to either party,' as required by article four, section one, of the Constitution of the United States."

And it is assigned for error in this court that the courts below failed to give full faith and credit to the judicial records and proceedings of the circuit court of Delta County, Michigan, in the case of *Dora Marks* v. *The Chicago Furniture and Lumber Company*, and thus deprived the plaintiff in error of his rights and privileges under said article 4, section 1, of the Constitution of the United States; and, indeed, this is the sole error relied on here by the plaintiff in error.

We think, therefore, that the question whether the record and judicial proceedings in the Michigan court received full faith and credit in the courts of Illinois is one for us to consider and determine, and we hence decline to dismiss the writ of error. *Green* v. *Van Buskirk*, 5 Wall. 307, 314; *Carpenter* v. *Strange*, 141 U. S. 87, 103; *Huntington* v. *Attrill*, 146 U. S. 657, 684.

We come, then, to the question whether, upon the facts disclosed in this record, the courts of Illinois gave full faith and credit, within the meaning of the Constitution of the United States, to the judgment and judicial proceedings of the state court of Michigan.

And, first, what was the case made by the pleadings?

The declaration was in action on the case, and alleged that the defendant induced the plaintiff, by false and fraudulent representations, to join him and one Neufeldt in a scheme to form a corporation for the purpose of carrying on the business of the manufacture and sale of furniture in the town of Escanaba, in the State of Michigan, and to furnish and pay to the defendant the sum of $5000, for which the plaintiff was to receive shares of stock in the proposed company ; that, relying on

the said false and fraudulent representations, (the nature of which were stated in the declaration,) the plaintiff paid over the said sum of $5000, and became a member of the corporation known as the Chicago Furniture and Lumber Company, composed of the plaintiff, the defendant and said Neufeldt ; that, owing to the fact that the said representations as to the defendant and Neufeldt putting in large sums of money into the enterprise proved to be false and untrue, as the defendant well knew, the shares of stock taken by plaintiff were valueless, and so the defendant falsely deceived and defrauded the plaintiff, to her damage in the sum of ten thousand dollars.

To this declaration the defendant pleaded the general issue of not guilty, and several special pleas, setting forth, in several phases, that after the making of the said alleged false representations by the defendant, and after the plaintiff had parted with her money on the strength thereof, as set out in the declaration, the plaintiff, on or about the 4th of December, 1893, instituted an action in the circuit court of Delta County, Michigan, against the Chicago Furniture and Lumber Company, whereby she sought to recover from said company the sum of four thousand dollars, which she asserted the said company owed her as having been fraudulently contracted and procured ; that the company was served and appeared ; that afterwards the plaintiff and the defendant company came to a settlement of the said cause of action, and an order was duly entered on July 25, 1894, in said circuit court of Delta County, Michigan, in the following terms :

" This cause having been settled, it is hereby discontinued by consent of both parties without cost to either party ; " that the said cause of action set forth in the declaration in this cause is brought upon the same claim upon which the said action was brought by the said Dora Marks against the said Chicago Furniture and Lumber Company ; that thus " the plaintiff has received satisfaction and payment of her said claim ; and this the defendant is ready to verify."

To these special pleas the plaintiff filed a replication, alleging that the cause of action set forth in her said declaration was not the same claim as that sued on by the plaintiff against the Chicago Furniture and Lumber Company in the circuit court of

Delta County, Michigan, and that she, the plaintiff, did not, nor has she at any time received satisfaction of her said claim sued on herein, and of this put herself upon the country.

In the trial of the issues thus made up the defendant put in evidence a certified copy of the proceedings in the Michigan court, and the plaintiff, in connection therewith, put in evidence an agreement between the Chicago Furniture and Lumber Company and Dora Marks, in the following terms:

"Articles of agreement made and entered into this 14th day of July, A. D. 1894, by and between the Chicago Furniture and Lumber Company, a corporation, of the city of Escanaba, Delta County, Michigan, parties of the first part, and Dora Marks, Denver, Colorado, party of the second part. Party of the first part agrees to purchase the twenty thousand dollars' worth of stock of the said Chicago Furniture and Lumber Company, which the party of the second part holds, for the sum of $4000, to be paid as follows: $1000 to Mead & Jennings, attorneys for said party of the second part, as soon as the said parties of the first part dispose of their treasury stock to the amount of $1000 or interest other capital in said company to the amount of $1000 and $3000 to said party of the second part, on the day that the plant now occupied by the parties of the first part in said city of Escanaba is turned over to them and a clear title to the property earned by them. Parties of the first part further agree to discontinue the damage suit now pending against the party of the second part without cost. Said parties of the first part further agree to release said party of the second part from all liability of said second party for the balance due on unpaid stock. Party of the second part agrees to sell her said stock of $20,000 to the parties of the first part and accept payment as aforesaid mentioned. Party of the second part also agrees to discontinue the suit now pending under attachment proceedings against party of the first part without cost. Said stock to be transferred as paid for."

On July 21, 1897, the jury found the defendant guilty, and assessed the plaintiff's damages at four thousand dollars, and on November 29, 1897, after a motion for a new trial had been made and overruled, a final judgment was entered according to the verdict.

As already stated, the judgment of the circuit court was affirmed by the Appellate Court, whose judgment was affirmed by the Supreme Court of Illinois.

It is, of course, obvious that none of the errors assigned to the rulings of the trial court, in the admission or rejection of evidence, or to its instructions to the jury, nor those assigned to the judgments of the Appellate and Supreme Courts, can be considered by us except as they affect the question of the legal import of the Michigan judgment, as concluding the controversy between the parties in the Illinois courts.

The trial court did not reject the record of the proceedings in the Michigan court as evidence entitled to be considered by the court and jury in the Illinois court. Did those proceedings disclose that the cause of action in the Michigan court was, in legal contemplation, the same with that asserted in the Illinois court? Did they disclose that the plaintiff, by making the settlement therein, had received satisfaction of her claim against Jacobs asserted in the present action? Did they disclose that the plaintiff, by bringing and discontinuing an action against the furniture company, accept the agreement of July 14, 1894, as a satisfaction of her alleged claim, and did such conduct on her part operate as a release of that company, and, if so, did the release operate in favor of the defendant in the present suit?

So far as these questions involve matters of fact they are concluded by the verdict of the jury. That verdict imports, under the issues formed by the pleadings, that the claim asserted against the corporation in the Michigan court was not the same with that asserted against Jacobs in the circuit court of Illinois, and that, whether or not the claims were the same, the plaintiff never received payment or satisfaction of her claim.

The plaintiff in error, therefore, is bound to maintain that, as a necessary implication of law, regardless of the verdict of the jury, the two actions asserted the same claim, and that the judgment and proceedings in the Michigan court precluded the plaintiff from maintaining a subsequent suit against the defendant in the Illinois court.

It is, no doubt, true that the object of the plaintiff was the

same in both suits, namely, to be indemnified for the loss incurred by putting her money into the venture, but it does not follow that the causes of action were the same. Apparently, the theory of her action against the company was to treat the money advanced as a loan made to the company and induced by false representations. But if she found herself mistaken in her choice of a remedy, she was not thereby deprived of a right of redress against the person who had deceived her. It is, however, contended that she was entitled to but one satisfaction, and that the legal import of the judgment in the Michigan court is that she had received a satisfaction of her claim in that suit. But we think that the judgment in question did not necessarily import that the plaintiff had received satisfaction of her claim. The recital that the cause had been settled was not an adjudication by the court. It evidently had reference to the agreement of July 14, 1894, which was matter *dehors* the record, and with which the court had nothing to do. The entry that the " cause is hereby discontinued by consent of both parties, without cost to either party," although entered as a judgment of the court, does not of itself import an agreement to terminate the controversy, nor imply an intention to merge the cause of action in the judgment. The case of *Halderman* v. *United States,* 91 U. S. 584, is quite in point. There a judgment entry in the words " dismissed agreed " was pleaded, in a subsequent action, as a former recovery, but it was held by the Circuit Court and by this court that such an entry did not sustain the plea. It was said by Mr. Justice Davis, delivering the opinion :

" It is a general rule that a plea of former recovery, whether it be by confession, verdict, or demurrer, is a bar to any new action of the same or the like nature for the same cause. This rule conforms to the policy of the law, which requires an end to the litigation after its merits have been determined. But there must be at least one decision on the *right* between the parties before there can be said to be a termination of the controversy, and before a judgment can avail as a bar to a subsequent suit. Conceding that this action is between the same parties as well as for the same subject-matter as the former one, are the United

States barred from a recovery by reason of anything alleged in. the pleas? The first, second and fourth pleas are not essentially different. In each the judgment relied on is ' that the said suit is not prosecuted and be dismissed.' This entry is nothing more than the record of a nonsuit, although the customary technical language is not used. But the plaintiffs in error deny that this is the effect of the order, and insist that the pleas present a case of *retraxit*, by which the United States forever lost their action, because they voluntarily announced to the court that, on the. defendants paying the costs, the suit be dismissed. Such an announcement does not imply that they had no cause of action, or, if they had, that they intended to renounce it, or that it was adjusted. Nonsuits are frequently taken on payment of costs by the adverse party, in order that the controversy may be arranged out of court; but they do not preclude the institution and maintenance of subsequent suits in case of failure to settle the matters in dispute. . . . Whatever may be the effect given by the courts of Kentucky to a judgment entry ' dismissed agreed,' it is manifest that the words do not of themselves import an agreement to terminate the controversy, nor imply an intention to merge the cause of action in the judgment. Suits are often dismissed by the parties; and a general entry is made to that effect, without incorporating in the record, or even placing on file, the agreement. It may settle nothing, or it may settle the entire dispute. If the latter, there must be a proper statement to that effect to render it available as a bar. But the general entry of the dismissal of a suit by agreement is evidence of an intention, not to abandon the claim on which it is founded, but to preserve the right to bring a new suit thereon, if it becomes necessary. It is a withdrawal of a suit on terms, which may be more or less important. They may refer to costs, or they may embrace a full settlement of the contested points; but, if they are sufficient to bar the plaintiff, the plea must show it."

Such views apply still more strongly in the present case, because, as we have seen, the parties in the two suits were not the same, and because the agreement which led to the discontinuance of the suit in the Michigan court proved, when pro-

duced at the trial of the present suit, to have been executory in its terms, and not, in any sense, a renunciation of the plaintiff's claim. It was also shown, to the satisfaction of the jury, that this agreement was never fulfilled by the company, and that the plaintiff had never received the money therein promised.

The case above cited also answers the contention of the plaintiff in error that it was not competent for the plaintiff to show that the discontinuance of the suit in Michigan was induced by an executory agreement on the part of the defendant company, and that such an agreement had not been fulfilled. If the defendant, instead of going to trial on the plaintiff's replication that she had never satisfaction of the claim sued on, had demurred thereto on the ground that it was not competent to contradict the legal import of the Michigan judgment by the evidence offered, upon the principle of the case cited the demurrer must have been overruled.

We are of opinion that the trial court did not err in permitting the plaintiff to show that the entry of discontinuance in the Michigan case was not intended by the parties as a release and satisfaction of the cause of action, but was the result of a promissory agreement on the part of the defendant company which was never complied with. Such evidence was competent to support the plaintiff's replication to the defendant's plea in the present suit, that the plaintiff had received full satisfaction and payment of her said claim. In admitting such evidence the court did not refuse to give full faith and credit to the Michigan judgment, but properly allowed evidence, not to contradict the necessary legal import of that judgment, but to show the real meaning of the parties to that suit in agreeing upon its discontinuance.

As against the case of *Halderman* v. *United States*, the counsel for the plaintiff in error cite the subsequent case of *United States* v. *Parker*, 120 U. S. 89, 96, which they contend must be understood as overruling the prior case. In this view of the two cases we do not agree.

In the latter case the question arose whether a former judgment in a suit by the United States against Parker as principal and Stuart as surety, upon an official bond, was a judgment of

nonsuit, which would have permitted the United States to bring
another action, or whether it was equivalent to a *retraxit*, by
which the United States forever lost their action, and the latter
was held.

. But this court did not thereby disapprove of the doctrine of
the *Halderman* case, or depart from its reasoning, as is seen in
the fact that that case was cited, with others, as establishing
the principle that a nonsuit is not conclusive as an estoppel, be-
cause it does not determine the right of the parties. This
court in discussing the facts of the case, (after quoting the text
of the Practice Act of Nevada, in which State the action had
been tried,) said :

"It thus appears that there are five instances in which the
dismissal of an action has the force only of a judgment of non-
suit; 'in every other case,' the statute provides, 'the judgment
shall be rendered on the merits.' If the case at bar is not in-
cluded among the enumerated cases in which a dismissal is equiv-
alent to a nonsuit, it must therefore be a judgment on the merits.
In the present case the suit was not dismissed by the plaintiff
himself before trial, nor by one party upon the written consent
of the other, nor by the court for the plaintiff's failure to appear
on the trial, nor by the court at the trial for an abandonment
by the plaintiff of his cause; neither was a dismissal by the court
upon motion of the defendant, on the ground that the plaintiff
had failed to prove a sufficient case for the jury at the trial.
The judgment was rendered upon the evidence offered by the
defendants, which could only have been after the plaintiff had
made out a *prima facie* case. That evidence was passed upon
judicially by the court, who determined its effect to be a bar to
the cause of action. This was confirmed by the consent of the
attorney representing the United States. The judgment of dis-
missal was based on the ground of the finding of the court, as
matter of fact and matter of law, that the subject-matter of the
suit had been so adjusted and settled by the parties that there
was no cause of action then existing. This was an ascertain-
ment judicially that the defence relied on was valid and suffi-
cient, and consequently was a judgment upon the merits, finding
the issue for the defendants. Being, as already found, for the

same cause of action as now sued upon, it operates as a bar to the present suit by way of estoppel."

This statement of the facts and law in that case clearly shows that the decision is not inconsistent with that announced in the case of *Halderman* v. *United States*, and also that it is not applicable to the case in hand.

These views dispose of the only question which our jurisdiction enables us to review.

Finding, as we do, that the courts of Illinois gave all that faith and credit to the judgment and judicial proceedings in the Michigan court to which they were entitled under the Constitution of the United States, the other errors assigned we cannot consider, and the judgment of the Supreme Court of Illinois is

*Affirmed.*