HoavRt, Judge,
delivered the opinion of tlie court:
Plaintiff submits a motion to be permitted to resume proceedings in this cause, which was voluntarily discontinued at her instance May 13, 1908.
When a cause is discontinued an order of the court to that effect is the same as an order of the court,to dismiss; and when a cause is dismissed the case is at large. Such a result is the act of a plaintiff and certainly such an act having its origin not in the court. The discontinuance becomes the act of the court only by an order directing the dismissal at the behest of the party in interest.
Reinstatement of such a case can not be entertained upon the ground of mistake arising out of misprision of the clerk or growing out of the conduct of the defendants involving wrong, as in those instances something has been done which has had the effect of misleading or prejudicing the plaintiff.
The principle stated for cases in the present situation was declared in Southern Railway Co. v. Miller, 218 U. S. It was there said that when a cause is removed, from a local tribunal to a Federal court the State court loses jurisdiction; and when such a cause is dismissed from the court acquiring jurisdiction by the removal the case is at large and the party is at liberty to bring his suit elsewhere in any court of competent jurisdiction. This means, of course, that the party may bring his suit in any court of competent jurisdiction within the time prescribed by law.
If the statute of limitations has intervened to prevent a new suit elsewhere or by a return in the form of a new suit to the court whence the cause of action was dismissed, the power, to hear and determine in the court which last had jurisdiction ends with the term.
The voluntary dismissal of a cause discloses an intention to abandon the claim in the court whence the suit is dismissed. It is an abandonment. If dismissed “by agreement,” such discontinuance is evidence of an intention to preserve the right to bring a new suit for reasons which were said in Halderman v. United States, 91 U. S., 584 (and cited with approval in Jacobs v. Marks, 182 U. S., 592), to be more or less important. Withdrawal may refer *94 to costs or embrace a full settlement of the contested points. Though these reasons apply generally to litigation between private parties and have very little bearing in suits against the Government, cases dismissed voluntarily must be taken to mean that the jurisdiction is abandoned to suit the party himself.
Where jurisdiction is lost by the action of the petitioner and such dismissal is the result of inadvertence or mistake, there may be reinstatement after the lapse of the term under the rule applicable to all courts of the United States. But there can be neither reinstatement nor the institution of a new suit merely to evade the statute of limitations.
This cause is decided contemporaneously with other cases dismissed from the jurisdiction “by agreement” between the parties, and should be read in the light of the opinion of the court permitting reinstatements for a limited time. There is no conflict between this and the reinstated cases mentioned for reasons which the two opinions show.
Motion overruled.