COOPER v. GOLDSMITH et al.

FRASER et al. v. SAME.

Nos. 8369, 8370.

United States Court of Appeals for the
District of Columbia.

Argued Feb. 11, 1943.

Decided May 20, 1943.

Mr. Wade H. Cooper for appellant pro se in No. 8369.

Messrs. S. Wallace Dempsey and Robert H. McNeill, both of Washington, D. C., with whom Mr. Bruce Fuller, of Washington, D. C., was on the brief, for appellants in No. 8370.

Messrs. H. Donald Kistler and Norman Fischer, both of Washington, D. C., with whom Messrs. Herbert M. Bingham, John F. Anderson, Treasury Department, and Walter M. Bastian, all of Washington, D. C., were on the brief, for appellees in each case.

Before GRONER, Chief Justice, and VINSON and EDGERTON, Associate Justices.

EDGERTON, Associate Justice.

The United States Savings Bank, a West Virginia corporation which carried

on its business in the District of Columbia, was closed by Presidential proclamation on March 6, 1933.[1] On March 14, 1933, the Comptroller of the Currency placed a conservator in charge[2] and on February 10, 1934, a receiver replaced the conservator. "Deposit claims" were afterwards paid in full, but on February 27, 1937, the Comptroller levied an assessment of 100 per cent on the bank's shareholders to meet an alleged liability for interest on deposit balances between the time of suspension and the time of payment. This interest amounted to 12.55 per cent of the proved claims. The receiver filed a complaint on August 10, 1937, and an amended complaint on January 23, 1939, to enforce the assessment (Equity Action 65,140).

While that suit was pending, the receiver and a shareholders' committee worked out a compromise plan which contemplated that depositors be requested to assign to the committee all interest in excess of three per cent of their proved claims. The plan was to become effective when enough assignments had been received so that the cash in the receiver's hands plus the proceeds of the bank building would permit payment of three per cent to assigning depositors and 12.55 per cent to other depositors. Some 2,000 of the 7,000 depositors executed assignments which were sufficient in amount for that purpose. On September 15, 1941, the receiver filed a petition for approval of the plan and dismissal of the assessment suit.

On November 7, 1941, certain of the depositors who had made assignments questioned the validity of the plan and opposed its confirmation. On November 8, 1941, shareholders owning about one-tenth of the total stock filed a suit, Civil Action 13,587, for a declaratory judgment, joining as defendants the Comptroller, the receiver, and certain assenting and dissenting depositors. They asked that the assignments be declared valid and that the receiver be required to carry out the plan. Appellants Fraser et al., depositors who had executed assignments, objected by answer and affidavits that the representations which had been made to depositors were misleading, that appellants understood that all depositors would be treated alike, and that they would not have made assignments had they known that dissenting depositors would receive more interest than they. At their request this action was consolidated with the assessment suit. Appellant Cooper, a large stockholder who was sued in No. 65,140, intervened in No. 13,587 and contended that the agreement was fraudulent and void. The court found that "no fraud, misrepresentation, or concealment" had been practiced on the depositors, upheld the assignments, ordered the agreement enforced, and dismissed No. 65,140 "in so far as said Equity Cause No. 65,140 asserts claim based on an assessment against the shareholders." Fraser et al. and also Cooper appealed, but excepted from their appeals the part of the decree which dismissed the assessment proceedings.

Assuming that a depositor's right to a "ratable dividend"[3] may be waived by contract, it may not be waived without full knowledge of the pertinent facts, and the burden of showing that a depositor had such knowledge is upon those who assert that he made a valid waiver. Letters from the receiver and from the shareholders' committee purported to acquaint depositors with the plan. Both letters stressed the uncertainty, delay and expense which the pending litigation would entail, and the quick payments which depositors would receive if they executed assignments. The receiver's letter said: "The success of the plan depends on the cooperation offered by the depositors, who will be asked to forego a part of the interest accrued on their claims. * * * The plan contemplates that all depositors will be requested to assign to the Committee all accrued interest in excess of 3% of the principal amount of the claim as proved. * * * When sufficient assignments have been received * * * to make the plan effective, the Committee will deliver such assignments to the Receiver which will constitute a waiver of the interest covered thereby. The plan, therefore, is in the nature of a compromise of the conflicting claims of the depositors * * * on the one hand, and of the shareholders * * * on the other hand." The committee's letter said: "The purpose of the proposal is to pay the depositors in substance, an amount of

---

[1] Cooper v. Woodin, 63 App.D.C. 311, 72 F.2d 179, and United States Savings Bank v. Morgenthau, 66 App.D.C. 234, 85 F.2d 811, relate to the affairs of this same bank.

[2] 12 U.S.C.A. §§ 201, 203.

[3] 12 U.S.C.A. § 194; see §§ 202, 203.

interest which will be equal to or in excess of the average rate of interest paid to savings depositors during the period of the receivership. * * * Provided the enclosed assignment is executed and the settlement is consummated, payment of the final dividend to the depositors will be made without further delay. * * *" Both letters closed with offers to give further information on request. The form of assignment was enclosed with the committee's letter. It provided that "should the plan * * * fail of completion, this assignment shall be void. * * *"

■ Neither letter said in terms that the plan would "fail of completion" if some depositors declined to make assignments. Neither said in terms that all depositors would be treated alike if the plan became effective. Close scrutiny of some of the language in the letters might suggest the contrary to persons of business experience. We do not suggest that the letters were written with fraudulent intent. But this is not an action for deceit. To make the agreement unenforceable, intentional misrepresentation was not required. Depositors who did not execute assignments were to get, without suit, four times as much as those who did execute assignments. Whatever else the letters conveyed, they did not convey that. Depositors who preferred to accept three per cent in order to avoid litigation would hardly have cared to accept three per cent if they had known that others were to get 12.55 per cent and still avoid litigation. We think the agreement is invalid and should be set aside.

■ This is not the relief which appellant depositors ask. Though they allege that they were misled, what they ask is that the "compromise * * * be decreed to be fair, just and reasonable, and that the same be approved and the plaintiff receiver required to carry the same out by making interest payments of three per cent only to all depositors forthwith, and that the Court decree that all the depositors are bound thereby." Non-assenting depositors may not be thus bound,[4] but the court may grant the appropriate relief for which appellants failed to ask.[5] Moreover, appellant Cooper filed a cross-complaint in which he asked that the agreement "be declared unfair, fraudulent and void."

■ The District Court, in a single decree, sustained the agreement and dismissed the assessment proceedings. The dismissal was evidently based on an implicit finding that the assessment was unnecessary because the agreement was enforceable. The dismissal did not go to the merits of the assessment, and cannot stand when its basis is destroyed.[6]

Reversed.

VINSON, Associate Justice, thinks the decree should be affirmed.

---

[4] Albrecht v. Bauman, 76 U.S.App.D.C. 189, 130 F.2d 452. Cf. Hansberry v. Lee, 311 U.S. 32, 61 S.Ct. 115, 85 L.Ed. 22, 132 A.L.R. 741.

[5] Federal Rules of Civil Procedure, rule 54(c), 28 U.S.C.A. following section 723c; Keiser v. Walsh, 73 App.D.C. 167, 118 F.2d 13.

[6] Swift v. McPherson, 232 U.S. 51, 34 S.Ct. 239, 58 L.Ed. 499. Moreover, the receiver had asked that the assessment suit be dismissed if the plan of settlement was enforced. Since the dismissal was at the receiver's instance, it was without prejudice. F. R. C. P. Rule 41 (a) (2). Cf. Jacobs v. Marks, 182 U.S. 583, 21 S.Ct. 865, 45 L.Ed. 1241.