66 U.S. 419
 1 Black 419
 17 L.Ed. 93
 CLEVELAND
v.
CHAMBERLAIN.
 December Term, 1861
 
 This was an appeal by the defendant from the District Court of the United States for the district of Wisconsin.
 Newcombe Cleveland, of Illinois, brought his bill in equity in the District Court against the La Cross and Milwaukie Railroad Company, Byron Kilbourn, Moses Kneeland, James Luddington, D. C. Freeman, Charles D. Nash, of Wisconsin, and Selah Chamberlain, of Ohio, complaining that he had recovered a judgment against the railroad company for $112,271 76, besides costs, which remains unsatisfied, and on which the complainant issued his execution and levied upon the road of the company, and all its property, real and personal, and upon its franchises, rights and privileges, as by the laws of Wisconsin he had a right to do; that the railroad company fraudulently, and with intent to cheat its creditors, made to Selah Chamberlain a pretended lease of its railroad, except the Watertown division, for an indefinite time, and a sale of all its personal property except what was used on the Watertown division, together with all its rights, privileges and franchises connected with or incident thereto; that Chamberlain entered into possession of the road and took into his costody the property of the company conveyed to him by this fraudulent contract; that with a like fraudulent intent, the company made a similar lease and contract of sale for the Watertown division of their road, (but this lease was for a certain limited time,) and the personal property used thereon, with D. C. Freeman, who, under the contract, went into possession thereof; that while the complainant's action, in which he recovered the judgment already mentioned, was on trial, the railroad company fraudulently confessed judgment to Chamberlain for $629,105 22, though the company did not, at that time, owe him a sum exceeding fifty thousand dollars, and all of the judgment beyond that sum was without any consideration whatever. The bill charges Kilbourn, Kneeland, and Luddington, who were directors of the company, with fraudulently acquiring title to certain lands of the company worth $100,000 by means of a pretended sale made by themselves to another person, who was their agent, for $20,000 in stock of the company. The bill prays that the contracts with Freeman and Chamberlain, and the conveyances to the other defendants of the lands, as well as the judgment confessed by the company to Chamberlain, may be declared fraudulent and void.
 The material charges of the bill were denied in the several answers of the defendants. Much evidence was taken on both sides, and the case was most fully heard and examined by the judge of the District Court, who decreed that the contract and judgment of Chamberlain were fraudulent, and, as such, should be set aside. The contract with Freeman having expired by its own limitation, no decree with respect to him was made, except that he pay a certain part of the costs. Against the other defendants the court made no final decree, but as to the conveyance of the lands to Kneeland and Luddington referred it to a master to ascertain the annual income of the lands they purchased, the value of the improvements made since their purchase, and the interest upon the purchase money paid. The suit against them was afterwards discontinued. The La Crosse and Milwaukie Railroad Company pending the suit had been dissolved, and their charter and property were transferred to another corporation, organized under the name of the Milwaukie and Minnesota Railroad Company. The only party, therefore, against whom a final decree was made, was Chamberlain, whose judgment and contract were set aside as fraudulent. Chamberlain took an appeal to this court.
 Mr. Black, of Pennsylvania, on behalf of the Milwaukie and Minnesota Railroad Company, its stockholders and creditors, filed sundry affidavits, and moved that the appeal of Chamberlain be dismissed on the ground that Chamberlain himself was the only party on record who had any interest in the cause either way—that he was conducting the appeal in this court on both sides—and that other parties not named on the record would suffer by the decree which he might thus procure to be made. The motion was set for argument, and notice given to the counsel of Chamberlain.
 Mr. Black, in support of his motion. The record with the documents and affidavits on file prove incontestably that Chamberlain bought Cleveland, the plaintiff below, entirely out. Cleveland's interest in the decree from which this appeal is taken, was the amount of his judgment against the La Crosse and Milwaukie Railroad Company for $112,000. Chamberlain has paid him the whole amount of that judgment, and taken an assignment of it. The affidavits prove this. Cleveland has admitted it, and Chamberlain himself has sworn to it in his answer to a bill filed against him by another party, which is here produced. Besides, it is made perfectly clear by the acknowledged fact, that Chamberlain, claiming to be the owner of the Cleveland judgment, has received and receipted for a part of it out of certain funds of the railroad company, which were applicable to it. In addition to that, we have here affidavits (the truth of which will not be denied) showing that Chamberlain has employed, or at least has agreed to pay, the counsel on both sides of this cause. Those who defend the decree of the court below, as well as those who prosecute the appeal, are in his service.
 There being no real dispute between the appellant and the appellee, why should the cause be suffered o stand for a moment on your record? What chance is there of a fair hearing? Chamberlain, as he pays for the arguments on both sides, has the power, if not the right, to control them. Of course he will take care that the cause of the appellee is given away, and the decree of the District Court be reversed. And he wants it reversed, not because there is any conflict between him and the appellee, (for he has made the appellee's interest his own,) but because he desires to affect injuriously and wrongfully the rights of third parties.
 The parties on whose behalf this motion is made were bondholders and mortgagees of the La Crosse & Milwaukie Railroad Company, who had advanced two millions of dollars, the money with which the railroad was built. They foreclosed the mortgage and sold out the company, its property, charter, and all. Then they converted their debt into stock, and formed a new company under the name of the Milwaukie & Minnesota Railroad Company. Their stock and franchises in this new company are all they have, or can ever get, for their bonds. They took the road and franchises subject to all legal incumbrances on them. Inasmuch as the transfer to them was after the date of Chamberlain's judgment against their predecessors, and after the date of his lease, they are estopped as privies by the contract and the judgment as completely as the La Crosse & Milwaukie Railroad Company would have been if it had continued to exist. Now, therefore, if Chamberlain by this one-sided arrangement can get his judgment and contract reinstated, and the decree reversed which pronounces them fraudulent, he can have the full advantage of them—they will by incumbrances on the road, property, and franchises, and the Milwaukie & Minnesota Railroad Company will lose by the contrivance a sum sufficient to reduce the value of their stock very materially.
 The record of the case as returned shows one thing which ought not to be overlooked, and that is, that the counsel of Chamberlain whom he employed on one side, and his counsel whom he employed on the other side, agreed and stipulated that certain portions of the record should be omitted and parts only of it be sent up to this court. There is no allegation that this was done for purposes of deception or with any fraudulent intent. It is mentioned to show how easy it is to impose upon the court, if such things be allowed at all, and how wide the door is, which you will open to fraud and imposture, if you sanction such conduct as that of Chamberlain.
 The statement of the case is the legal argument which condemns this appeal to be dismissed. Where there is but one interest represented in a cause without any actual controversy to be decided, no court will hear it. Where there is a pretended dispute between parties merely nominal, it is a fraud upon the court, even where the object is to get an opinion for the benefit of the parties themselves; but if the purpose be to injure third parties by collusion between those who are named in the record, it would be a scandal to the administration of justice to let it go on. The case of Lord vs. Veazie (8 How., 251) was not nearly so strong as this, and there the writ of error was dismissed and the judgment of the Circuit Court pronounced a nullity, with expressions from the Chief Justice of the strongest reprobation. In the case of Laughlin vs. Peebles, (1 Penn. R., 114,) a writ of error was quashed simply because the party who obtained judgment in the court below had received the amount of it; and in Smith vs. Jack, (2 W. & S., 102,) the writ was dismissed because the plaintiff in error had sued out an execution for costs.
 Mr. Reverdy Johnson, of Maryland, for Chamberlain, opposed the motion. The transfer of the judgment from Cleveland to Chamberlain cannot injure the parties who complain of it. If one of those persons chose to sell and another to but a thing to which nobody else had a claim, what right does that give to third parties to intervene? The judgment in the hands of Chamberlain can do no more harm to the bondholders than it would have done if Cleveland had continued to be the owner of it.
 The transfer was not made before, but after the appeal was taken to this court. The appeal was taken in good faith to prevent Cleveland from using the erroneous decree which he had obtained in the District Court, in such manner as to destroy the just rights of the appellant. The appeal having come regularly and properly here, it is the duty of this court to determine it without reference to the fact that the appellee has sold his interest in the subject-matter of the dispute. He had a right to assign his judgment. If he had sold to a third party, that would not have been thought of as an objection to the appeal. His right to sell to his adversary is not less clear. In any case his assignee would be, and is, entitled to all the rights which he himself could have exercised.
 But it is said that he has employed counsel on both sides. The fact is not admitted; but suppose it to be true for the argument's sake: it was, under the circumstances, not only blameless but meritorious. Having the right to a hearing, it was propur that the hearing should be full, and the cause be thoroughly discussed in all its aspects. Mr. Chamberlain owed it to the courts, owed it to public justice, and, considering the nature of the charges in the bill, he owed it to himself, to see that an argument was made which could not be called one-sided. The counsel alleged to be employed for the appellee have a character altogether too high to permit a suspicion that they would collude with their opponents. The argument will no doubt be conducted fairly, and in good faith to the court as well as to the client.
 This is not the case of Lord vs. Veazie, nor anything like it. In that case the suit was collusively got up, with a fraudulent intention underlying its very inception, and tainting it from the beginning. The court declared the whole proceeding to be a nullity. But here it is not denied that an actual controversy existed between the parties; that it was strongly contested in the court below; that a decree most seriously affecting the interests of one party was pronounced. From that decree an appeal was taken regularly and fairly for the honest purpose of reversing it, and the fact that one of the parties afterwards sold out to the other does not in any degree liken it to the case cited. The counsel for the bondholders has been misled by the Pennsylvania cases, which are not founded in any general principle, and therefore weigh little or nothing as authority here.
 Mr. Justice GRIER.
 This appeal must be dismissed. Selah Chamberlain is, in fact, both appellant and appellee. By the intervention of a friend he has purchased the debt demanded by Cleveland in his bill, and now carries on a pretended controversy by counsel, chosen and paid by himself, and on a record selected by them, for the evident purpose of obtaining a decision injurious to the rights and interests of third parties.
 There is no material difference between this case and that of Lord vs. Veazie, (8 How., 254,) when the whole proceeding was justly rebuked by the court as 'in contempt of the court, and highly reprehensible.' That case originated in a collusion between the parties. In this case the appellee, who was a judgment-creditor of the La Crosse and Milwaukie railroad, filed his bill to set aside a fraudulent conveyance of the debtors' property made to the appellant, and other fraudulent conveyances of their lands made to certain directors of the company, who were also made parties respondent. The case was prosecuted with vigor by the complainant till a decree was obtained, (on the 11th of February, 1859,) setting aside the various assignments, and the case 'committed to a master to ascertain and report the annual income of the several lots described in the bill,' &c. This was not a final decree. Nevertheless, an appeal was permitted to be entered by Chamberlain on 12th of February, 1859. But the record was not brought up to this court for a year and a half, nor so long as there were parties litigant who had adverse interests. About a month after the decree was entered, Chamberlain became the equitable owner of Cleveland's judgment, and the 'dominus litis' on both sides. He then agreed to pay counsel who appeared for Cleveland, the appellee, but, for anything that appears, without the knowledge of the counsel, who, in July, 1860, entered a discontinuance as to the parties, against whom a decree had not been entered.
 It is plain that this is no adversary proceeding, no controversy between the appellant and the nominal appellee. It differs from the case just cited in this alone, that there both parties colluded to get up an agreed case for the opinion of this court; here, Chamberlain becomes the sole party in interest on both sides, makes up a record, and has a case made to suit himself, in order that he may obtain an opinion of this court, affecting the rights and interest of persons not parties to the pretended controversy.
 We repeat, therefore, what was said by the court in that case: 'Any attempt, by a mere colorable dispute, to obtain the opinion of the court upon a question of law, which a party desires to know for his own interest or his own purposes, when there is no real and substantial controversy between those who appear as adverse parties to the suit, is an abuse which courts of justice have always reprehended, and treated as a punishable contempt of court.'
 
 
 1
 It is but proper to say, that the counsel who have been employed in the case are entirely acquitted of any participation in the purposes of the party.
 
 
 2
 This case came on to be argued on the transcript of the record from the Circuit Court of the United States for the district of Wisconsin; and it appearing to the court here, from affidavits and other evidence filed in this case in behalf of persons not parties to this suit, that this appeal is not conducted by parties having adverse interests, but for the purpose of obtaining a decision of this court, to affect the interests of persons not parties—it is therefore now here ordered and adjudged by this court, that the appeal in this case be and the same is hereby dismissed, with costs.