STATE *ex rel.* HANKINS, *Co. Atty.,* v. HOLT *et al.*

No. 3641.    Opinion Filed July 18, 1912.

(125 Pac. 460.)

**APPEAL AND ERROR**—Parties—Defendants in Error. The rule of this court, requiring all parties who will be affected by a reversal or modification of the judgment appealed from to be made parties to the appeal, does not require persons over whom the lower court had not acquired jurisdiction by appearance or service of process to be served with copy of case-made or summons in error, although such persons may have been named as defendants in the petition below.

(Syllabus by Harrison, C.)

*Error from District Court, Jackson County;*
*Frank Mathews, Judge.*

Action by the State, on the relation of H. L. Hankins, County Attorney of Jackson County, against W. R. Holt and others. Judgment sustaining a demurrer of defendant Payne, and plaintiff brings error. Motion to dismiss appeal denied.

*M. L. Hankins,* Co. Atty., and *J. M. Williams,* for plaintiff in error.

*Garrett & Castleman,* for defendant in error.

Opinion by HARRISON, C. This was an action, in the name of the state, by the county attorney of Jackson county against W. R. Holt, as principal, and S. J. Payne and D. B. Wade, as sureties, on a forfeited appearance bond. Summons was issued to all the parties, but served upon S. J. Payne only. Neither Holt nor Wade had any service of summons, nor made

any appearance in the court below. Payne appeared and de-murred to the petition for failure to state a cause of action, pointing out several specific instances wherein it was defective. On September 2, 1911, the demurrer was sustained, and plaintiff electing to stand on the petition, gave notice of appeal; 60 days being given to serve case-made, ten days for suggesting amend-ments, and five days for settlement. October 31, 1911, service of case-made was made on and accepted by defendant Payne. November 8, 1911, notice of settlement was served on and ac-knowledged by Payne. November 13th the case-made was settled and signed by the judge. February 29, 1912, petition in error and transcript of proceedings were filed in this court. On May 27, 1912, S. J. Payne, through his attorneys, Garrett & Castle-man, filed a motion to dismiss the appeal, for the reason that no service of case-made has been made on either of the defend-ants W. R. Holt or D. B. Wade, and no summons in error is-sued to either of them. June 17, 1912, leave of this court having been obtained, plaintiff in error filed amended case-made by at-taching copy of the summons issued out of the court below to the defendants, and on June 18th filed answer to the motion to dismiss.

It is contended by counsel for the defendant in error that the suit being brought against Holt, Payne, and Wade, all were parties in interest, as defendants below, and necessary par-ties to the appeal, and, as Holt and Wade were not served with case-made or with summons in error, the appeal should be dis-missed.

The rule is well settled in this court, and, in fact, it is almost a universal rule, "that all parties interested in or to be affected by the reversal or modification of a judgment should be made parties to an appeal, and that they should be so made by the method prescribed by statute, such as service of case-made, summons in error, or waiver of same." But, as was said by the Supreme Court of Indiana, in *Robinson v. Vanderburg County,* 37 Ind. 335:

"'A party to a proceeding,' as used in statutes, means such persons only as are parties in a legal sense, and who have been

made or have become such in some mode prescribed or recognized by law, so that they are bound by the proceeding."

Substantially the same is held in *Basket v. Hassell,,* 107 U. S. 608, 2 Sup. Ct. 415, 27 L. Ed. 500. That is, they are to be made "parties in interest," or "parties affected by the judgment," or "parties bound by the judgment," by some legal process prescribed by law through which the court acquires jurisdiction.

The case of *County Com'rs et al. v. Harvey,* 5 Okla. 468, 49 Pac. 1006, is exactly in point on the question involved in the case at bar. In that case certain parties, who were named as defendants in the court below, were not served with process,· and made no appearance in the case. The appellant on appeal did not serve them with copy of case-made, nor have summons in error issued to them. Motion was made by defendant in error to dismiss the appeal, because they were not made parties to the appeal. The motion was denied, on the ground that such parties, not having been served with summons below, and having made no appearance in the proceedings below, were not necessary parties to the appeal.

While the record herein fails to show any service of case-made, or service of summons in error, or waiver of same, by which defendants Holt and Wade might be made parties to this appeal, yet the amended transcript shows, on the return of summons below, that neither Holt nor Wade was served with summons in the trial court. If they were not served, and made no appearance in the court below, they were not parties, in a legal sense, to the proceedings, and, not being parties to the proceedings, their rights were not affected thereby, although they may have been named as defendants in the petition. A judgment against them, under such circumstances, would have been a nullity for want of jurisdiction over the parties; and this court has no jurisdiction in this case over parties whom the court below had no jurisdiction.

The motion to dismiss should therefore be denied.

By the Court: It is so ordered.