## GROBLEWSKI v. JOHN CHMIELL CO.

(Circuit Court of Appeals, First Circuit.    October 27, 1920.)

No. 1475.

1. **Judgment ⬦951(1)—Presumption that decree was on merits may be overcome by record.**

    While a decree dismissing a suit in equity without words of qualification is presumed to be rendered on its merits, that presumption is overcome when the record shows that the court did not pass upon the merits, but dismissed the bill on some other ground.

2. **Judgment ⬦570(12)—Dismissal for want of prosecution not bar to subsequent suit.**

    A decree reciting that no replication had been filed to the answer, and dismissing the bill in accordance with equity rule 66, which entitles the defendant, when a replication is not filed to an order for dismissal of the suit as of course, is a dismissal for want of prosecution, which cannot be pleaded in bar to a subsequent suit for the same cause.

Appeal from the District Court of the United States for the District of Massachusetts; Edgar Aldrich, Judge.

Action by Albert G. Groblewski against the John Chmiell Company. Decree for defendant, and plaintiff appeals. Reversed and remanded.

Lucius E. Varney, of New York City (Emery, Booth, Janney & Varney, of New York City, on the brief), for appellant.

George A. Rockwell, of Boston, Mass., for appellee.

Before BINGHAM, JOHNSON, and ANDERSON, Circuit Judges.

BINGHAM, Circuit Judge. This is the same case that was before this court in 264 Fed. 325, decided May 9, 1919. It was there held that the decree appealed from was interlocutory, and not final, as there were other grounds of complaint set out in the bill, not disposed of by the decree. Since then a decree has been entered in the District Court, dismissing the bill as to all issues raised by the pleadings and not covered by the interlocutory decree, and making the latter decree final. It is from this final decree that the present appeal is taken.

In 1910 the plaintiff sued the defendant's predecessor in title for infringement of the trade-mark "Zmijecznik" and for unfair competition in the use of the same. In that action the Circuit Court for the District of Massachusetts, on June 23, 1910, entered the following decree:

"This cause came on to be heard on motion of defendant, and it appearing that defendant's answer was filed on May 2, 1910, that said answer was excepted to, that no replication was filed on or before the next succeeding rule day thereafter, to wit, June 6, 1910, and that no replication is now on file:

"Now, therefore, upon consideration thereof, and in accordance with rule 66, it is ordered, adjudged, and decreed that the bill of complaint be, and the same hereby is, dismissed, with costs."

⬦For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

The grounds of complaint in the present suit are the same as those in the 1910 action, and the parties are the same or privy in title. The defendant pleaded the 1910 judgment as a defense to the suit, and, on May 20, 1918, the District Court entered the following decree:

"That the bill of complaint be, and the same hereby is, dismissed, with costs, as to all the issues common to this cause and to the cause of Albert G. Groblewski v. John Chmielnicki, Equity No. 688, in this court, in which a final decree was entered. * * * *"

Former equity rule 66, referred to in the decree of June 23, 1910, is as follows:

"Whenever the answer of the defendant shall not be excepted to, or shall be adjudged or deemed sufficient, the plaintiff shall file the general replication thereto on or before the next succeeding rule day thereafter; and in all cases where the general replication is filed, the cause shall be deemed to all intents and purposes at issue, without any rejoinder or other pleading on either side. If the plaintiff shall omit or refuse to file such replication within the prescribed period, the defendant shall be entitled to an order, as of course, for a dismissal of the suit; and the suit shall thereupon stand dismissed, unless the court or a judge thereof shall, upon motion, for cause shown, allow a replication to be filed nunc pro tunc, the plaintiff submitting to speed the cause, and to such other terms as may be directed."

The question presented is whether the court erred in holding that the decree of June 23, 1910, was a bar to this action.

[1] In deciding this question we will first consider whether the decree of June 23, 1910, was an adjudication of the issues then in controversy on their merits; for, if it was, the matters involved in the present action are res judicata, and the decree of dismissal was proper. In Swift v. McPherson, 232 U. S. 51, 55, 34 Sup. Ct. 239, 241 (58 L. Ed. 499) Mr. Justice Lamar, in discussing a similar question said:

"Ordinarily, such a question is answered by a mere inspection of the decree —the presumption being that a dismissal in equity, without qualifying words, is a final decision on the merits. That presumption of finality, however, disappears whenever the record shows that the court did not pass upon the merits, but dismissed the bill because of a want of jurisdiction, for want of parties, because the suit was brought prematurely, because the plaintiff had a right to file a subsequent bill on the same subject-matter, or on any other ground not going to the merits. The scope of such decree must in all cases be measured, not only by the allegations of the bill, but by the ground of the demurrer or motion on which the dismissal was based. Hughes v. United States, 4 Wall. 232, 237; Mayor of Vicksburg v. Henson, 231 U. S. 259."

The rule is well established that a decree of dismissal which is absolute in terms—that is, is not accompanied by words of qualification—is presumed to be rendered on the merits and constitutes a bar to further litigation of the same subject-matter between the same parties. Durant v. Essex Co., 7 Wall. 107, 19 L. Ed. 154. But in Swift v. McPherson, supra, it is pointed out that the presumption disappears whenever the record shows that the court did not pass upon the merits, but dismissed the bill on some ground not going to the merits.

[2] We think the 1910 decree shows on its face that it was not based on the merits of the controversy, but on the plaintiff's failure to prosecute the action. The decree states that it was entered on the motion of the defendant, because of failure of the plaintiff to file a replica-

tion, and that the entry was made under rule 66, which provides that in such case "the defendant shall be entitled to an order, as of course, for a dismissal of the suit." If the defendant, in the absence of a replication, could have set the case down for hearing on bill and answer, it appears from the decree that he did not do so.

A decree dismissing a bill for want of prosecution cannot be pleaded in bar to a subsequent suit for the same cause. 1 Daniell, Ch. Pl. Pr. (6th Am. Ed.) 811, c. VIII, § II, and cases above cited.

The decree of the District Court is reversed, and the case is remanded to that court for further proceedings not inconsistent with this opinion, with costs to the appellant.