## PUEBLO DE TAOS v. ARCHULETA et al.

## SAME v. ANAYA et al. (VAN VECHTEN, Intervener).

### Nos. 645, 732.

Circuit Court of Appeals, Tenth Circuit.

April 10, 1933.

R. H. Hanna and William A. Brophy, both of Albuquerque, N. M. (Fred E. Wilson, of Albuquerque, N. M., on the brief), for appellant.

Carl H. Gilbert, of Santa Fé, N. M. (M. W. Hamilton, of Santa Fé, N. M., on the brief), amici curiæ, and for appellee Van Vechten.

Before COTTERAL and McDERMOTT, Circuit Judges, and JOHNSON, District Judge.

McDERMOTT, Circuit Judge.

These cases present the epilogue of the controversy between the Pueblo of Taos and the non-Indian settlers who claim title to many tracts of land formerly owned by the Pueblo in communal title. The Pueblo Lands Act (43 Stat. 636 [25 USCA § 331 note]) provided elaborate machinery for the determination of the many disputes that arose over Pueblo titles after the decision of the Sandoval and Candelaria Cases (231 U. S. 28, 34 S. Ct. 1, 58 L. Ed. 107; 271 U. S. 432, 46 S. Ct. 561, 70 L. Ed. 1023). The Pueblo Lands Board was charged with the duty of investigating such disputes and reporting to the court the titles which it found to be still in the Pueblo; whereupon, the Act provided that a suit to quiet such titles in the Pueblo should be brought in the federal court of New Mexico, in which the adverse claimants might be heard. Such a suit as to lands claimed by the Pueblo of Taos, involving 78 tracts, was decided by this Court in United States v. Wooten, 40 F.(2d) 882.

That litigation did not involve lands which the Board decided were owned by the settlers. The Act provides:

"Nothing in this Act contained shall be construed to impair or destroy any existing right of the Pueblo Indians of New Mexico to assert and maintain unaffected by the provisions of this Act their title and right to any land by original proceedings, either in law or equity, in any court of competent jurisdiction and any such right may be asserted at any time prior to the filing of the field notes and plats as provided in section 13 hereof, and jurisdiction with respect to any such original proceedings is hereby con-

ferred upon the United States District Court for the District of New Mexico with right of review as in other cases." 43 Stat. 637, § 4 (25 USCA § 331 note).

In 1929 the Pueblo of Taos brought a suit to quiet its title to 27 tracts of land which the Board decided belonged to settlers. That litigation was decided by this Court in Pueblo de Taos v. Gusdorf, 50 F.(2d) 721.

The Act provides for compensation to be paid by the United States to the Pueblo in event the Pueblo title was lost through the fault of the United States, and provides for a judicial review of the amount of such compensation. Pueblo de San Juan v. United States (C. C. A. 10) 47 F.(2d) 446, certiorari denied, 284 U. S. 626, 52 S. Ct. 11, 76 L. Ed. 533. The Act directs the Secretary of the Interior to file field notes of the lands to which the Pueblo title has been extinguished, which field notes become the muniment of the settler's title. Such field notes may not be filed while the title is claimed for the Pueblo in any pending court proceeding.

### Appeal in No. 645.

Against this background, the first of the two cases here involved was brought. It is an action in ejectment against some 250 settlers on land formerly owned by the Pueblo, who claim adversely to it. It does not involve the titles which were adjudicated in the Wooten and Pueblo de Taos Cases above cited. The action was filed on December 27, 1930. Although the mere pendency of the action prevented the filing of the field notes, and clouded the titles of the defendants, no effort was made to serve the defendants or any of them, either personally or by substituted service, and none of the defendants made any appearance in the court below. More than a year elapsed, and on January 4, 1932, the trial court entered the following order:

"It appearing to the court that more than one year has elapsed since the filing of this action; that no process has been served herein upon any of the defendants; that no attempt has been made to obtain such service and that no proceedings have been taken herein looking toward a disposition of this cause.

"And it further appearing to the court that the pendency of this cause has prevented the Secretary of the Interior from filing the field notes and plat of the Pueblo of Taos Land Grant in the office of the Surveyor General of New Mexico, as required by Section 13 'An Act to Quiet the Title to Lands Within Pueblo Indian Land Grants and for

Other Purposes,' approved June 7, 1924, and has thereby worked an undue hardship upon the owners of lands within said grant;

"Now Therefore, upon the regular call of the calendar of this court, it is Ordered that this cause be, and it hereby is dismissed with prejudice for want of prosecution pursuant to rule XVI of this court."

Rule XVI referred to is of long standing in that court and its validity is not and cannot be challenged. It reads:

"Cases which have been pending in this court for more than one year without any proceeding having been taken therein may be dismissed as of course, for want of prosecution, by the court on its own motion at a call of the calendar. Such cases may also be dismissed for want of prosecution at any time on motion by any party upon notice to the other parties."

Counsel for appellant on the same day the first case was dismissed, refiled it with additional defendants, the second case undertaking again to litigate the titles finally adjudicated in the cases heretofore decided by this Court. Having refiled the case, appellant then moved that the court strike the words "with prejudice" from the order dismissing the first case. The trial court denied the motion, and the first appeal is from that ruling. The propriety of dismissing the case for want of prosecution is not challenged; the objection is to the dismissal "with prejudice."

▪ The appeal was allowed on January 23, 1932, during the term at which the order appealed from was entered. There being no adverse parties in the court below, there was no party to the suit upon whom citation could be served. Citation was issued to an attorney acting as amicus curiæ, by direction of the court; service was acknowledged by such attorney, which was his first appearance in the cause. It is not contended that he represents any parties to the cause, or is more than the name implies, a friend of the court. Such service does not of course hail any of the defendants into this court; nor have any of the defendants appeared in this court. It is asserted that where the appeal was taken in open court, and in term time, service of citation is unnecessary. Hewitt v. Filbert, 116 U. S. 142, 6 S. Ct. 319, 29 L. Ed. 581; Richardson v. Green, 130 U. S. 104, 115, 9 S. Ct. 443, 32 L. Ed. 872; 8 Hughes Fed. Pr. § 5482. It is not clear that the appeal here was taken in open court, although it was taken in term time; nor is it clear that the appeal was perfected in term time; but assuming it was, the rule cannot avail here, for it rests upon the presumption that parties are constructively present during the entire term, and there can be no such presumption as to defendants who are not served and who make no appearance.

In Jacobs v. George, 150 U. S. 415, 14 S. Ct. 159, 160, 37 L. Ed. 1127, the Supreme Court dismissed an appeal where there was no citation served on appellee, and no entry of appearance by him. These rules were laid down:

"It must be regarded as settled that: (1) Where an appeal is allowed in open court, and perfected during the term at which the decree or judgment appealed from was rendered, no citation is necessary. (2) Where the appeal is allowed at the term of the decree or judgment, but not perfected until after the term, a citation is necessary to bring in the parties; but if the appeal be docketed here at our next ensuing term, or the record reaches the clerk's hands seasonably for that term, and legal excuse exists for lack of docketing, a citation may be issued by leave of this court, although the time for taking the appeal has elapsed. (3) Where the appeal is allowed at a term subsequent to that of the decree or judgment, a citation is necessary, but may be issued properly returnable, even after the expiration of the time for taking the appeal, if the allowance of the appeal were before. (4) But a citation is one of the necessary elements of an appeal taken after the term, and if it is not issued and served before the end of the next ensuing term of this court, and not waived, the appeal becomes inoperative."

▪ It appears therefore that this court has no jurisdiction of this appeal. Nor can we now permit citation to issue, for application for an alias citation was not made before the close of the next succeeding term of this court. Osage Oil & Ref. Co. v. Mulber Oil Co. (C. C. A. 10) 38 F.(2d) 396. It is urged that this ruling leaves a plaintiff helpless if a trial court should arbitrarily dismiss a petition before he has had opportunity to get service on the defendants. Not so; there is a remedy by mandamus if a trial court should adopt such summary tactics. In re Skinner & Eddy Corp., 265 U. S. 86, 44 S. Ct. 446, 68 L. Ed. 912. No such case is presented here.

▪ There is no need to speculate as to the interesting suggestion that this court cannot exercise jurisdiction over parties who were not parties in the court below. State v. Holt, 34 Okl. 314, 125 P. 460. Appellant has so conducted its case, here and in the court

below, that it has no adversaries in either court. Lacking any jurisdiction over the appellees, the appeal in No. 645 is dismissed.

### Appeal in No. 732.

The appeal in No. 732 presents an entirely different question. On the same day the trial court dismissed the first case for want of prosecution, the action here involved was filed; it is the same action as the one dismissed, with some additional defendants. Three days later, one Van Vechten, a successor in interest to one of the named defendants, intervened and moved a dismissal of the action on the grounds (a) that the dismissal of the first action with prejudice was an adjudication of the issues tendered and a bar to the prosecution of the second action; and (b) that the action was brought, not to obtain a judicial determination of the rights of plaintiff, but to harass the defendants and to put such pressure on Congress as to induce it to enact legislation for the benefit of plaintiff; and (c) that the action was collusive in that plaintiff and many defendants agreed that the cause would be kept on the dockets of the court for the purpose of inducing Congress to believe that adversary and interminable litigation would ensue unless Congress appropriated additional sums for both the plaintiff and defendants.

Upon the issues tendered by the petition in intervention, a trial was had, at which oral and documentary evidence was introduced, none of which is brought onto the record. Upon such evidence, the trial court found:

"That heretofore, to wit, on or about the 27th day of December, 1930, the plaintiff herein filed in this court its bill of Complaint in that certain cause entitled 'Pueblo de Taos, a Community of Pueblo Indians in the State of New Mexico, and a corporation existing under and by virtue of the laws of the State of New Mexico, plaintiff vs. Juan F. Archuleta, et al., defendants' and numbered 2220 law, on the docket of this court, whereby the same and identical issues were presented to this court for determination as are presented by the case at bar.

"That on Feb. 2nd, April 14th and June 10th, 1931, three other actions were filed by other Pueblo Indians, represented by the same counsel as those appearing for the plaintiff in cause No. 2220, which said other actions were similar in character to and sought similar relief as that prayed for in said cause No. 2220.

"That no summons was served upon any of the defendants named in any of said Pueblo Indian cases and that there has been no prosecution of any thereof.

"That subsequent to the filing of said cause No. 2220 law, and prior to the 9th day of April, 1931, an agreement and understanding was entered into between the plaintiff and certain of the defendants in said cause that said cause would be dismissed, if the Congress of the United States could be induced to award additional compensation to the Indians of said Pueblo of Taos for lands previously awarded by the Pueblo Lands Board and the courts to non-Indian settlers in said Pueblo.

"That pursuant to said understanding and agreement, said cause was permitted by the plaintiff to remain pending upon the docket of this court, without any attempt to prosecute the same or to serve summons upon any of the defendants therein named, and that the plaintiff and certain of the defendants therein have thereafter used the pendency of said cause as an argument in attempting to induce members of the Congress of the United States to have additional compensation awarded to various Indian Pueblos through congressional enactment.

"That heretofore, and on to wit, the 4th day of January, 1932, such proceedings were had in said cause No. 2220 that the same was dismissed with prejudice by order of this court, for lack of prosecution.

"That immediately upon the dismissal with prejudice of said cause No. 2220 law the present case, presenting identically the same issues, was filed in this court.

"That this cause was not filed with the bona fide intention of obtaining a judicial determination of the issues herein, with reasonable dispatch, but for the purpose of keeping pending the litigation thereby instituted for an indefinite period of time, in the hope that additional compensation for the said Pueblo Indians could thereby be obtained from the Congress of the United States and with the expectation of dismissing this cause if such compensation could be so obtained.

"And from the foregoing findings of fact, the court concludes as a matter of law, as follows:

"1. That this action is entirely devoid of merit, in that the dismissal, with prejudice, of said cause No. 2220 law rendered res adjudicata all of the issues herein.

"2. That this cause is frivolous and vexatious in character and an abuse of the process of this court.

"3. That this cause should be dismissed forthwith."

Upon these findings, a judgment was entered "that this cause be and it hereby is dismissed." The appeal is from that order.

■■■ Certain technical objections are interposed by appellant; it is said that an intervener may not move for a dismissal of an action, and that the procedure is not in strict accord with the New Mexico practice. One who has acquired lands of a defendant has the rights of a defendant in defense of his title. But all such objections may be brushed aside with the statement that the court is the protector of the purity of its own process, and may take such steps as are necessary to protect against its abuse, on its own motion, or upon the suggestion of a stranger; and neither state statutes nor ordinary procedural rules can thwart a prompt and efficacious discharge of that paramount obligation. Gumbel v. Pitkin, 124 U. S. 131, 8 S. Ct. 379, 31 L. Ed. 374; Lord v. Veazie, 8 How. 251, 12 L. Ed. 1067; Cleveland v. Chamberlain, 1 Black, 419, 17 L. Ed. 93; Haley v. Eureka County Bank, 21 Nev. 127, 26 P. 64, 12 L. R. A. 815; In re Burdick, 162 Ill. 48, 44 N. E. 413; Consolidated Liquor Co. v. Scotello & Nizzi, 21 N. M. 485, 155 P. 1089.

■ The dismissal of a cause of action for want of prosecution is not an adjudication of the controversy so as to bar a subsequent suit on the same cause of action. Brown v. Fletcher (C. C. A. 6) 182 F. 963, 980, certiorari denied, 220 U. S. 611, 31 S. Ct. 715, 55 L. Ed. 609; Gilbert v. American Surety Co. (C. C. A. 7) 121 F. 499, 61 L. R. A. 253; Groblewski v. John Chmiell Co. (C. C. A. 1) 268 F. 240; Colorado Eastern R. Co. v. Union Pac. R. Co. (C. C. A. 8) 94 F. 312; Story's Eq. Pl. § 793. This is but an application of the general rule that "a trial upon which nothing was determined cannot support a plea of res judicata, or have any weight as evidence at another trial," Manhattan Life Ins. Co. v. Broughton, 109 U. S. 121, 3 S. Ct. 99, 100, 27 L. Ed. 878; Gardner v. Michigan Central R. Co., 150 U. S. 349, 356, 14 S. Ct. 140, 37 L. Ed. 1107; Hughes v. United States, 4 Wall. (71 U. S.) 232, 18 L. Ed. 303, and the rule that "there must be at least one decision on a right between the parties * * * before a judgment can avail as a bar to a subsequent suit." Haldeman v. United States, 91 U. S. 584, 585, 23 L. Ed. 433; Jacobs v. Marks, 182 U. S. 583, 591, 21 S. Ct. 865, 45 L. Ed. 1241; Ledbetter v. Wesley (C. C. A. 8) 23 F.(2d) 81, 84; Black on Judgments, § 699.

■■ An inspection of the order of dismissal, pleaded in bar, discloses that the action was dismissed for want of prosecution. That being true, nothing was determined as to the right of the parties to the litigation, and the dismissal is not a bar to a subsequent suit. The addition of the words "with prejudice" cannot change the facts. A dismissal with prejudice implies a decision on the merits, either after an adjudication of right or pursuant to an agreement of the parties. Mars v. McDougal (C. C. A. 10) 40 F.(2d) 247, certiorari denied 282 U. S. 850, 51 S. Ct. 28, 75 L. Ed. 753. There could be no such adjudication between the parties in this case, for the defendants, not being in court, could not be concluded by such adjudication. There is no contention that the dismissal was pursuant to a settlement of the case.

■ The court may and must inspect a judgment pleaded in bar, and if necessary explore the record, to ascertain what was determined by it. Swift v. McPherson, 232 U. S. 51, 34 S. Ct. 239, 58 L. Ed. 499; Larkin Packer Co. v. Hinderliter Tool Co. (C. C. A. 10) 60 F.(2d) 491, 495. That is the appropriate and conventional method used in the cases above cited in arriving at the conclusion that the prior order of dismissal did not bar a subsequent action. Such inspection is not a collateral attack on the judgment entered; it determines only that there was no such adjudication of right as will bar another action. A judgment is not attacked by ascertaining its scope.

■ It is strongly urged that if a trial court may not dismiss with prejudice an action brought merely for vexation, that the process of the court cannot be protected from abuse; that where the mere pendency of the action seriously impairs property rights, counsel may continue to use the pendency of the action as a weapon of extortion by refiling the case ad infinitum. Houston v. City and County of San Francisco (C. C. A.) 47 F. 337. The court is not powerless, for it has wide disciplinary powers over counsel and litigants who attempt to abuse its process.

■ The trial court found that the cause was not filed for the purpose of obtaining a judicial determination of the titles to the real estate described, but for the purpose of inducing Congress to make additional appropriations for the benefit of plaintiff. While the evidence has not been preserved, the record in the other case discloses support for this finding. The predecessor to this case was filed for more than a year, with no ef-

fort to get service. The court specifically found that two other similar cases were brought by the same counsel, with no effort to get service. Under the Pueblo Lands Act, the mere pendency of the case prevents the filing of the field notes, and clouds the title of the settlers. Because of these record facts, and because the evidence before the trial court is not preserved, we accept the conclusion of the trial court that the filing of this action is an abuse of the process of the court.

A court has inherent power to determine whether its process is used for the purpose of vexation or fraud, instead of the single purpose for which it is intended—the adjudication of bona fide controversies. It is the duty of the court to prevent such abuse, and a dismissal of the cause is an appropriate way to discharge that duty. Pueblo of Santa Rosa v. Fall, 273 U. S. 315, 319, 47 S. Ct. 361, 71 L. Ed. 658; Houston v. City and County of San Francisco (C. C.) 47 F. 337. In Gumbel v. Pitkin, 124 U. S. 131, 145, 8 S. Ct. 379, 384, 31 L. Ed. 374, the Supreme Court said: "As we have already seen, and as has been many times declared by this court, the equitable powers of the courts of the United States, sitting as courts of law, over their own process, to prevent abuse, oppression, and injustice, are inherent, and as extensive and efficient as may be required by the necessity for their exercise, and may be invoked by strangers to the litigation as incident to the jurisdiction already vested, without regard to the citizenship of the complaining and intervening party."

Courts are organized for the purpose of deciding actual controversies, and not for the purpose of bringing pressure to bear upon the legislative branch, or of clouding the titles to property. The trial court having found that this action was brought for an ulterior purpose, it properly dismissed the same. The order of dismissal in No. 732 is affirmed.

No. 645—Appeal dismissed.

No. 732—Order of dismissal affirmed.