JOSEPH BANCROFT & SONS
COMPANY
v.
SHELLEY KNITTING MILLS, INC.
Civ. A. No. 25092.

United States District Court
E. D. Pennsylvania.

Sept. 2, 1965.

See also 212 F.Supp. 715 on remand from 268 F.2d 569.

Ralph L. Chappell, New York City, Thomas N. O'Neill, Jr., Philadelphia, Pa., for plaintiff; James H. Callahan, Thomas M. Marshall, Kenyon & Kenyon, New York City, Edward D. Slevin, Montgomery, McCracken, Walker & Rhoads, Philadelphia, Pa., of counsel.

Harry Shapiro, Philadelphia, Pa., for defendant.

KRAFT, District Judge.

The history and subject-matter of this action appear in detail in 3 Cir., 268 F.2d 569, and in our adjudication, D.C., 212 F.Supp. 715. It is sufficient for present purposes to state that Bancroft sought injunctive and other relief herein, based on allegations of trademark infringement, unfair competition and breach of contract.

Some months after the filing of our adjudication of December 26, 1962, and while the case was before a Master appointed pursuant to Rule 53 of the Federal Rules of Civil Procedure, Shelley filed suit against Bancroft in the Court

of Common Pleas No. 7, Philadelphia County, at No. 5521, June Term, 1963, charging Bancroft with malicious abuse of process in the institution of the instant case. That suit by Shelley is now pending before this Court as Civil Action 34244, by reason of removal.

About the same time, Shelley also filed another suit against Bancroft and others in the Court of Common Pleas No. 1, Philadelphia County, at No. 5522, June Term, 1963, in which it alleged that the instant case was part of an unlawful conspiracy among the defendants to "ruin Shelley and drive it out of business."

Bancroft, thereupon, filed a motion in the instant case to enjoin Shelley from prosecution of its two pending suits.

In the course of the lengthy proceedings in the present case, Shelly's counsel, in the presence and hearing of the trial judge, repeatedly charged Bancroft with bad faith in the institution of the action and declared Shelly's intention to sue Bancroft for misuse of the Court's process. Shelley did not, however, formally tender these issues in its pleadings, its pre-trial memoranda or at pre-trial conference and its failure so to do led the trial judge to conclude, apparently mistakenly, that Shelley's counsel, for tactical and sundry other reasons, made these statements to Bancroft's counsel with tongue in cheek. However, mindful of our inherent power and duty to prevent abuse of the Court's process, 21 C.J.S. Courts § 88, p. 138, we gave serious and deliberate consideration to the question of Bancroft's motivation in bringing suit, because of our awareness of the statements of Shelley's counsel. Although we made no specific findings on these issues which were not among those framed at final pre-trial conference, our adjudication in Bancroft's favor necessarily reflected our conclusion that Bancroft brought the action in good faith and with no ulterior motive.

Consideration of Bancroft's present motion to enjoin Shelley's suits persuaded us that we should now make specific findings on the issues posed, and that, in the circumstances, it would be only fair to afford the parties opportunity to offer further evidence on these issues, if they so desired. Accordingly, without deciding Bancroft's motion, we filed a memorandum and order in which we stated that, since the instant suit was still within our jurisdiction, we deemed it incumbent upon us to make full inquiry into the motivation and purpose of Bancroft in the institution of its suit, and fixed a time for further hearing.

Presently before us is Shelley's motion to vacate that order.

Shelley contends that the Court lacks jurisdiction to conduct the proposed inquiry and to make the proposed findings of fact.

We think our jurisdiction is clear. It is fundamental that "a court may not permit its process to be abused." United States v. Powell, 379 U.S. 48, 58, 85 S.Ct. 248, 255, 13 L.Ed.2d 112 (1964). If a court finds that its process has been abused, it should dismiss the cause. As stated in Pueblo de Taos v. Archuleta, 64 F.2d 807, at p. 812 (10th Cir. 1933):

> "But all such objections may be brushed aside with the statement that the court is the protector of the purity of its own process, and may take such steps as are necessary to protect against its abuse, on its own motion, or upon the suggestion of a stranger; and neither state statutes nor ordinary procedural rules can thwart a prompt and efficacious discharge of that paramount obligation. Gumbel v. Pitkin, 124 U.S. 131, 8 S.Ct. 379, 31 L.Ed. 374; Lord v. Veazie, 8 How. 251, 12 L.Ed. 1067; Cleveland v. Chamberlain, 1 Black, 419, 17 L.Ed. 93; Haley v. Eureka County Bank, 21 Nev. 127, 26 P. 64, 12 L.R.A. 815; In re Burdick, 162 Ill. 48, 44 N.E. 413; Consolidated Liquor Co. v. Scotello & Nizzi, 21 N.M. 485, 155 P. 1089."

In Pueblo, the Court sustained the dismissal of an action on the ground

that it had been brought for an ulterior purpose, and stated at p. 813 of 64 F.2d:

> "A court has inherent power to determine whether its process is used for the purpose of vexation or fraud, instead of the single purpose for which it is intended—the adjudication of bona fide controversies. It is the duty of the court to prevent such abuse, and a dismissal of the cause is an appropriate way to discharge that duty. Pueblo of Santa Rosa v. Fall, 273 U.S. 315, 319, 47 S.Ct. 361, 71 L.Ed. 658; Houston v. City and County of San Francisco (C.C.) 47 F. 337. In Gumbel v. Pitkin, 124 U.S. 131, 145, 8 S.Ct. 379, 384, 31 L.Ed. 374, the Supreme Court said: 'As we have already seen, and as has been many times declared by this court, the equitable powers of the courts of the United States, sitting as courts of law, over their own process, to prevent abuse, oppression, and injustice, are inherent, and as extensive and efficient as may be required by the necessity for their exercise, and may be invoked by strangers to the litigation as incident to the jurisdiction already vested without regard to the citizenship of the complaining and intervening party.' "

To the same effect, see Reid v. Prentice-Hall, Inc., 261 F.2d 700, at p. 701 (6th Cir. 1958):

> "The court has inherent power, so long as it retains control of the subject matter and of the parties, to correct that which has been wrongly done by virtue of its process. Gumbel v. Pitkin, 124 U.S. 131, 144, 8 S.Ct. 379, 31 L.Ed. 374; 14 Am.Jur., Courts, Section 171; Arkadelphia Milling Co. v. St. Louis Southwestern Railway Company, 249 U.S. 134, 39 S.Ct. 237, 63 L.Ed. 517. The court has inherent power to punish abuse of its process by dismissal of an action in the interest of orderly administration of justice."

We conclude that not only do we have jurisdiction, but that it is our judicial duty, in an action pending before us, to investigate charges of conspiracy and malicious abuse of process in its institution and prosecution.

Shelley also asserts that it has demanded trial by jury in its two suits, and that the proposed investigation would deny Shelley its constitutional right to trial by jury. It contends that our determination on the issues now presented "might well be deemed to constitute res judicata or collateral estoppel, preventing Shelley from obtaining a trial by jury." We think this contention is without merit.

As already stated, implicit in our adjudication in Bancroft's favor was a finding of Bancroft's good faith. We had and have the power, in our view, to make specific findings on the issue without further evidence. The prime purpose of our order was to afford the parties ample opportunity to submit additional evidence, if they so desired. If our specific findings should embarrass Shelley in the trial of its two suits, it is because Shelley itself repeatedly challenged Bancroft's good faith in the instant suit by statements and threats of suit made in the presence and hearing of the trial judge. Once it became evident that Shelley's challenges and threats were serious, the issues were in this case and it was our obligation to decide them even though Shelley may have deliberately refrained from tendering these issues at pre-trial conference in the hope that, if Bancroft prevailed, Shelley would have preserved these issues for another trial and, possibly, another forum. In light of the necessity to protect the integrity of the Court's own process we were not free to ignore Shelley's charges of bad faith, conspiracy and malicious abuse of process in the very institution and prosecution of Bancroft's suit.

We think Shelley's reliance on Beacon Theatres, Inc. v. Westover, 359 U.S. 500, 79 S.Ct. 948, 3 L.Ed.2d 988 (1959), is misplaced. That case holds, in essence, that where both legal and equitable issues

are presented *in a single case*, any legal issues for which a trial by jury is timely and properly demanded must be submitted to a jury. Shelley made no demand for a jury trial of any legal issues presented in the case at bar.

Hence, though we believe Shelley's remaining contention that our proposed findings are untimely has been sufficiently answered in our discussion of its preceding contentions, it is also important to note that no final judgment has been entered and jurisdiction has been retained.

We shall, therefore, enter an order denying Shelley's motion to vacate our earlier order.

Both parties have expressly disclaimed any desire or intention to submit further evidence. Accordingly, we shall make appropriate findings of fact and conclusions of law.

### ORDER

Now, September 2, 1965, after present review of the trial record and due consideration, it is ordered that:

1. Defendant's motion to vacate our order of December 26, 1964, be, and it is, denied.

2. The adjudication be, and it is, supplemented by the addition of the following findings of fact:

175. Bancroft instituted and prosecuted this action in good faith and for its ostensible purpose.

176. Bancroft, in the institution and prosecution of this action had no intent to vex, harass, or oppress Shelley, and had no intent to ruin or to drive Shelley out of business.

177. Bancroft, its officers, employees, agents and attorneys did not conspire among themselves or with others to ruin Shelley or to drive Shelley out of business.

3. The adjudication be, and it is, further supplemented by the addition of the following conclusions of law:

19. Bancroft instituted and prosecuted this action solely for the purpose of obtaining an adjudication of its bona fide controversy with Shelley.

20. Bancroft's institution and prosecution of this action was not a malicious abuse of process.

21. Bancroft's institution and prosecution of this action was not part of nor the result of any conspiracy among Bancroft, its officers, employees, agents or attorneys or among any of them, with or without others, to ruin Shelley or drive it out of business.

4. Pending final judgment in this action, Shelley Knitting Mills, Inc., its assignees or successors, are enjoined and restrained from further prosecution of or proceeding in Civil Action 34244 in this Court and in No. 5522 June Term 1963 in the Court of Common Pleas of Philadelphia County, unless this Court shall sooner otherwise order.