**Grumme v. Vuxton**

*Michael Dowd*, of *Dowd & Kocsis*, for plaintiff.
*Michael J. DeSisti*, of *DeSisti & Keeffe*, for defendant.

WILLIAMS, *P. J.*, March 10, 1976 — Plaintiff has brought this action in assumpsit to recover the sum of $778 paid to defendant for two allegedly defective hearing aids, which were returned to defendant for repair and never thereafter delivered back to plaintiff. A board of arbitrators, which sat on August 6, 1975, entered an award for plaintiff in the full amount prayed for, plus court costs. An appeal was taken by defendant, and trial by the court without a jury was scheduled for December 11, 1975. In the meantime, plaintiff died, and one of her co-executors was substituted as party-plaintiff.

At the appointed trial date, counsel for plaintiff moved the court to continue this case because of the absence of defendant, whose testimony counsel alleged was the only possible way to prove plaintiff's case. Counsel for plaintiff had attempted shortly before the trial date to subpoena defense counsel to produce his client at trial. That attempt was ineffective, in that defendant is a resident of Elmira, N. Y., and not subject to the subpoena power of this court. Over the objection of defense counsel, we granted the continuance, and counsel for plaintiff duly moved to take the testimony of defendant on oral examination before District Justice Albert Frank in Sayre, Pa., pursuant to Pa. R. C. P. 4003(a)(2). Defense counsel

has filed exceptions to our order of January 13, 1976, granting the deposition of defendant, in which renewed objection also is made to our granting of the continuance. We heard argument on the exceptions on February 4, 1976, and counsel have filed briefs on behalf of both parties.

Defense counsel argues (1) that this court abused its discretion in granting the continuance, and (2) that we were without power to compel his client, a nonresident defendant, to appear for deposition in Pennsylvania. Counsel for plaintiff argues that there is no legal authority for filing exceptions to the order of this court and that such exceptions must be stricken.

Initially, we note our agreement with counsel for plaintiff that exceptions are an inappropriate vehicle to challenge the propriety of our rulings on continuance and deposition. It is our understanding of the law that exceptions are allowable only to a final order of a court acting as trier of fact, and only when specifically permitted by statute or rule. Obviously, our order of January 13, 1976, does not qualify as such. However, because defendant is allowed to challenge our order permitting the taking of his oral testimony by moving for a protective order under Pa. R. C. P. 4012, we do not dismiss his argument simply because he presented it under the wrong heading.

We believe that our grant of a continuance was correct under Pa. R. C. P. 216(a)(3), despite the fact that no affidavit was filed by counsel for plaintiff. The facts which would have appeared in such an affidavit were presented to us orally on the date set for trial and in writing in plaintiff's motion to take testimony on oral examination. Furthermore, the facts alleged in the pleadings indicate that the

statute of limitation on plaintiff's cause of action does not run until sometime in 1978, and our denial in these circumstances would be contrary to the spirit of Pa. R. C. P. 126, which permits us to ignore procedural defects in the interests of justice.

In disposing of the objection of defense counsel to our compulsion of his client to appear for deposition in Pennsylvania, we readily concede that the law does not require defendant to be present at the trial of a civil action against him. There is no absolute right to be absent, however, and the law contemplates the compulsion of the testimony of such defendant, subject to procedural safeguards. If defendant could have been subjected to the subpoena power of this court, he would be compelled to testify at trial as on cross-examination by plaintiff. But the matter does not rest there. His testimony may be taken for later use at trial under Pa. R. C. P. 4003(a)(2), which authorizes written interrogatories on notice, *or* oral examination by leave of court on motion, of "any other witness who is outside the Commonwealth . . . ."

Defense counsel argues that the meaning of the word "witness" in Pa. R.C.P. 4003(a)(2) does not include an adverse party, and that to construe it so will circumvent the principle that a defendant need not be present at a civil trial. We must disagree with this argument, even though it is true that Pa.R.C.P. 4003 does not specify that it applies to parties as well as witnesses. One other rule in the section on depositions and discovery sheds some light on this controversy. Pa. R.C.P. 4020(a)(3) appears to imply that the deposition of a party may be taken for use at trial: "The deposition of a witness, *whether or not a party,* may be used

by any party for any purpose . . . ."(Emphasis supplied.)

Counsel have not called our attention to, nor has our own research disclosed, any case in which this same argument has been raised. However, there are cases which assume the propriety of taking the deposition of a defendant for use at trial. See Brown v. Popky, 413 Pa. 236, 196 A.2d 638 (1964); and Flynn v. City of Chester, 429 Pa. 170, 239 A.2d 322 (1968).

Turning to the issue of notice of oral examination, defense counsel argues correctly that the procedure set forth in Rule 4003(c) by its own terms does not apply specifically to the witness whose deposition may be taken pursuant to Rule 4003(a)(2). However, it is not true that the absence in the rules of a notice procedure applicable to defendant in the instant case leaves this court without power to provide such procedure. It is a fundamental principle of law that a court has inherent power to do all the things which are reasonably necessary for the administration of justice within the scope of its jurisdiction: Sweet v. Pennsylvania Labor Relations Board, 457 Pa. 456, 322 A.2d 362 (1974); In re Surcharge of County Commissioners, 12 D. & C. 471 (Lackawanna County, 1928); 10 P. L. E. C. 10-11, Courts §12; 20 Am. Jur. 2d 439-40, Courts §§78-79.

The necessity of affording defendant the due process of law to which he is entitled by Federal and State Constitutions requires that some reasonable form of notice of his oral examination be given to him. We concluded that the notice procedure outlined in Rule 4003(c) was a reasonable one under the circumstances of the instant case, and we embodied this conclusion in our order of Janu-

ary 13, 1976, granting plaintiff's motion to take testimony on oral examination.

Practically speaking, we recognize that this court has no physical power to compel the presence of defendant within the boundaries of the Commonwealth of Pennsylvania. Under Pa.R.C.P. 4019 however, we do have the power to impose sanctions upon parties and witnesses under our jurisdiction who refuse to appear for the taking of depositions. Again, a court has inherent power to ensure that its process shall not be abused. See Joseph Bancroft and Sons Company v. Shelley Knitting Mills, Inc., 245 F. Supp. 523 (E.D.Pa. 1965). Under Rule 4019(c)(3), one of the sanctions which we may impose is the entry of a judgment by default against a disobedient defendant who has refused to comply with process issued pursuant to Rules 4005, 4007, 4009 or 4010. We believe that our inherent power would enable us to impose similar sanctions for a refusal to comply with our order issued pursuant to Rule 4003(a)(2).

We point out to defense counsel that, even though defendant is neither a citizen of this Commonwealth nor confined within its boundaries, he has submitted himself to the jurisdiction of this court by taking an appeal from an award of arbitrators entered against him in the records of this county. Such an appeal constitutes a general appearance by defendant which vests this court with personal jurisdiction over him for purposes of this case. See 5 Am.Jur. 2d 490-91, 507, Appearances, §§14, 34; Commonwealth v. Haines, 55 D. & C.2d 204, 85 York 161 (1972).

As indicated above, we regard the exceptions by defendant to our order of January 13, 1976, to constitute, in essence, a motion for a protective order,

which acts as a stay of proceedings under Pa.R.C.P. 4013. In dismissing the exceptions, we are reopening the deposition proceedings, and the same may be rescheduled by counsel for plaintiff, with appropriate notice to defendant, without further order of this court.

### ORDER

And now, March 10, 1976, in accordance with the foregoing opinion, it is ordered, adjudged and decreed that the exceptions of defendant to our order of January 13, 1976, be, and the same hereby are, dismissed. Deposition proceedings permitted by that order hereby are reopened.

If counsel for plaintiff shall desire to reschedule his oral examination of defendant, he may do so by notice to defendant under the procedure outlined in Pa. R.C.P. 4003(c), without further leave of court.